UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
OLABISI SALIS

                                Plaintiff,

     -against-

AMERICAN EXPORT LINES
HOEGH AUTOLINERS INC.,

                              Defendants.
----------------------------------------x

07 CV 5949 (VM)

ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM

        Defendant HOEGH AUTOLINERS, INC. (HOEGH) answers the Amended Complaint of plaintiff upon information and belief as follows:

        FIRST:   Defendant HOEGH denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "4", "5", "6", "7", "8", "9", "11", "13", "14", "15" and "16" of plaintiff's Amended Complaint.

        SECOND:  Defendant HOEGH denies each and every allegation contained in paragraphs "3", "10", "12", "17", "18", "19", "20", "21" and "22" of plaintiff's Amended Complaint.

<u>AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

        THIRD:   The Amended Complaint fails to state a claim against defendant HOEGH on which relief can be granted.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH:  Defendant HOEGH is not liable to plaintiff on the causes of action alleged in the Amended Complaint.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:  If there was any loss and/or damage to cargo as alleged in the Amended Complaint it was occasioned by causes for which the defendant HOEGH is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH:  If this Honorable Court finds that the plaintiff has suffered damages to cargo for which defendant HOEGH is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304 (5).

AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH:  If there was any loss of and/or damage to cargo as alleged in the Amended Complaint, defendant HOEGH is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH:  If there was any loss/and or damage to cargo as alleged in the Amended Complaint, it was occasioned by causes for which the defendant HOEGH is exonerated under the Harter Act, Title

46 U.S.C.A. § 190, et seq.

<u>AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINTH: Defendant HOEGH puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

<u>AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TENTH: Any loss or damage to the goods, as alleged in the Amended Complaint, that may have occurred while they were in the possession of custody of defendant HOEGH or on board the carrying vessel(s) arose from the conditions of the goods when delivered to defendant HOEGH or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and defendant HOEGH is not under any liability for any such loss or damage.

<u>AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

ELEVENTH: (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other

parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, defendant HOEGH is not under liability therefore.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:  Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:  Any damages sustained by plaintiff, as alleged in the Amended Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom defendant HOEGH had and has no direction or control.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:  Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: Any injuries that may have been sustained by plaintiff, as alleged in its Amended Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of defendant HOEGH and as such plaintiff is barred from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Amended Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiff herein has failed to mitigate its damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: The forum is inconvenient and the Amended Complaint should be dismissed pursuant to the doctrine of _forum non conveniens_.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

### AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: The terms of the bill of lading, tariff, dock receipt, and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

### AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: Plaintiff has failed to bring defendant HOEGH within the personal jurisdiction of the Court.

### AS AND FOR AN TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: This Court lacks personal jurisdiction of the answering defendant HOEGH.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: Plaintiff has failed to make proper service of process upon defendant HOEGH.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Defendant HOEGH AUTOLINERS. INC. was an

agent for a disclosed principal at all times at issue and therefore is not liable on the causes of action alleged.

### AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH:   The Amended Complaint is untimely.

### AS AND FOR A TWENTY-FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:   Plaintiff's damages are limited to the maximum relief for actions brought in the Civil Court for the City of New York.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT AMERICAN EXPORT LINES

TWENTY-EIGHTH: This is a claim under the Court's Admiralty and Maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction, made without waiver of any jurisdictional defenses or rights to proceed in an alternative forum.

TWENTY-NINTH: That at all times mentioned hereafter HOEGH AUTOLINERS INC. was and is a corporation duly organized and existing pursuant to the laws of one of the states of the United States.

THIRTIETH:   That defendant AMERICAN EXPORT LINES is a corporation duly organized and existing pursuant to the laws of one

7

of the States of the United States.

THIRTY-FIRST:    That if plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of the co-defendant AMERICAN EXPORT LINES.

THIRTY-SECOND: That if defendant HOEGH is found responsible for any of the loss and/or damage sustained by plaintiff herein, defendant HOEGH is entitled to indemnification and/or contribution in whole or in part from the co-defendant AMERICAN EXPORT LINES for said losses and/or damage including costs and reasonable counsel fees.

WHEREFORE, defendant HOEGH AUTOLINERS INC. demands judgment dismissing the Amended Complaint herein, and awarding HOEGH AUTOLINERS INC. costs, fees, including reasonable attorneys fees and disbursements of this action, and further demands judgment against the co-defendant, AMERICAN EXPORT LINES, for all sums which may be recovered by plaintiff against defendant HOEGH AUTOLINERS INC. and for attorneys' fees and disbursements of this action and

for such other and further relief as to the Court may seem just and proper.

Dated:     New York, New York
           December 20, 2007

                                     Respectfully submitted,

                                     MAHONEY & KEANE, LLP
                                     Attorneys for Defendant
                                     HOEGH AUTOLINERS INC.

                          By: _____
                                Garth S. Wolfson (GW 7700)
                                111 Broadway, Tenth Floor
                                New York, New York  10006
                                (212) 385-1422
                                19/3417/B/07/6

TO:  SALIS and ASSOCIATES P.C.
     Attorneys for Plaintiff
     OWOLABI SALIS
     42 Broadway  Room 1133
     New York, NY 10004
     (212) 655-5749

     CHICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
     Attorneys for Defendant
     AMERICAN EXPORT LINES
     61 Broadway  Suite 3000
     New York, NY 10006
     (212) 344-7042