Edward A. Keane*
Cornelius A. Mahoney*
Garth S. Wolfson*

Jorge A. Rodriguez*†

Of Counsel
Stephen J. Murray

*Also admitted in NJ
†Also admitted in CT

**MAHONEY & KEANE, LLP**

*Attorneys at Law*
*111 Broadway, Tenth Floor*
*New York, New York 10006*
Telephone (212) 385-1422
Facsimile (212) 385-1605
lawoffices@mahoneykeane.com

Connecticut Office

14 Pilgrim Lane
Weston, CT 06883
Tel: (203) 222-1019
Fax: (203) 222-0252

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/08

January 22, 2008

**THIS FACSIMILE TRANSMISSION**
**CONSISTS OF TWO (2) PAGES**

THE HON. VICTOR MARRERO
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 660
New York, New York 10007
Fax: (212) 805-6382

Re: **SDNY Case No.: 07 CV 5949 (VMM)**
 **OWALABI SALIS v. AMERICAN EXPORT**
 **LINES and HOEGH AUTOLINERS INC.**
 **Our File No.: 19/3417**

Honorable Sir:

We represent defendant HOEGH AUTOLINERS INC. (HOEGH) in the above-referenced action. As anticipated at the initial case management conference held in this case, we write pursuant to Your Honor's individual rules of practice to request leave to bring, or a conference precedent to bringing, a motion to dismiss pursuant to the Norway forum-selection clause contained in the governing bill of lading or, in the alternative, for partial summary judgment pursuant to the $500 COGSA limitation of liability.

Plaintiff seeks damages arising from the alleged failure to deliver one camper, or travel trailer, shipped from the Port of New York to Lagos, Nigeria pursuant to the bill of lading issued by Hoegh Autoliners AS. In particular, plaintiff alleges that the non-delivery occurred due to the lack of a completed Customs Form "M," resulting in delays which caused the accrual of excessive port charges plaintiff was unwilling or unable to pay.

**MAHONEY and KEANE**

The bill of lading contains a forum-selection clause providing that "[a]ny claim or dispute arising under or in connection with this Bill of Lading (whether in contract, tort or otherwise) shall be referred to and decided by Oslo City Court, Norway."

And the "UNIT LIMITATION OF RESPONSIBILITY" Clause states that "[n]either the Carrier nor the ship shall be or become liable for any loss or damage to or in connection with the transportation of the goods in an amount exceeding $500 lawful money of the United States of America per package (unit), or in case of goods not shipped in packages per customary freight unit," and that "[o]ne vehicle shall be considered one freight unit."

Nor, as a matter of law and of contract, did Hoegh Autoliners AS's responsibilities as a carrier include ensuring that plaintiff's cargo could pass through Nigerian port authorities; only plaintiff was responsible for clearing his own cargo through Customs.

We thank the Court for its consideration.

Respectfully submitted,

MAHONEY & KEANE, LLP

By: /s/ Garth S. Wolfson

cc: OWALABI SALIS, ESQ.
42 Broadway, Room 1133
New York, New York 10004
Fax: (212) 742-0549

Cichanowicz, Callan, Keane,
Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
Fax: (212) 344-7285
Attention: Patrick Michael DeCharles, II

> Request GRANTED. A status conference herein is scheduled for 1-25-08 at 9:20 a.m. to address the matter described above by defendant.
>
> SO ORDERED.
>
> 1-22-08
> DATE       VICTOR MARRERO, U.S.D.J.

2