UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
OLABISI SALIS,                                           07 CIV 5949 (VM)

                  Plaintiff,                        DECLARATION

    -against-

AMERICAN EXPORT LINES and
HOEGH AUTOLINERS INC.,

                  Defendants.
------------------------------------X

    I, BARBARA J. LAUTH, hereby declare as follows:

    1.  I am a Claims Manager for defendant HOEGH AUTOLINERS INC. (HOEGH).  Based upon my personal knowledge and my review of the file maintained by my office, I am familiar with the facts and circumstances of the above-captioned action.

    2.  Herewith attached are true copies of the following:

        Exhibit A:   Plaintiff's Amended Complaint;

        Exhibit B:   HOEGH's Answer; and

        Exhibit C:   The subject bill of lading, disclosed in plaintiff's Production of Documents.

    3.  Plaintiff seeks damages arising from the alleged failure to deliver one camper, or travel trailer, shipped from the Port of New York to Lagos, Nigeria pursuant to the bill of lading issued by HOEGH AUTOLINERS AS.  (Complaint, Exhibit A, at ¶ 9; Bill of Lading, Exhibit C).  In particular, plaintiff alleges that the non-delivery occurred due to the lack of a completed Customs Form "M," resulting in delays which caused the accrual of

excessive port charges plaintiff was unwilling or unable to pay. (Complaint, Exhibit A, at ¶¶ 11-22).

4. The face of the bill of lading states "Hoegh Autoliners AS" at the top, and the bottom states that it was signed by "Hoegh Autoliners Inc. As Agents for Hoegh Autoliners AS, Carrier." (Exhibit C). The very first clause on the reverse of the bill of lading also makes clear that the "'Carrier' is Hoegh Autoliners AS, of Oslo, Norway." (Exhibit C, at ¶ 1).

5. The Himalaya Clause of Bill of Lading provides that "every exemption, limitation, condition and liberty herein contained and every right, exemption from liability, defence and immunity of whatsoever nature applicable to the Carrier or to which the Carrier is entitled shall also be available and shall extend to protect every such servant, agent or subcontractor of the Carrier as aforesaid." (Bill of Lading, Exhibit C, & 13).

6. At all pertinent times, defendant HOEGH AUTLOINERS INC. was and is the local agent for Hoegh Autoliners AS. HOEGH AUTOLINERS INC. is not an ocean carrier and does not issue bills of lading on its own behalf. HOEGH AUTOLINERS INC. is a servant of the Carrier within the meaning of the Himalaya Clause.

7. The bill of lading contains a forum-selection clause providing that "[a]ny claim or dispute arising under or in connection with this Bill of Lading (whether in contract, tort or otherwise) shall be referred to and decided by Oslo City Court, Norway." Id. at ¶ 2.

8. The Clause Paramount also provides that, "[n]otwithstanding any language to the contrary in this Bill of Lading, if goods are shipped to or from the United States, this Bill of Lading shall have effect subject only to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936, which shall supersede all other acts, statutes, conventions and treaties and which shall, alone, be deemed incorporated herein." Id. at & 2(C).

9. Accordingly, the "UNIT LIMITATION OF RESPONSIBILITY" Clause states:

> One vehicle shall be considered one freight unit . . . Neither the Carrier nor the ship shall be or become liable for any loss or damage to or in connection with the transportation of the goods in an amount exceeding $500 lawful money of the United States of America per package (unit), or in case of goods not shipped in packages per customary freight unit.

Id. at & 11.

10. The face of the bill of lading identifies one vehicle, without describing and packaging or reciting any higher value for the cargo. Id.

11. And, of course, Hoegh Autoliners AS's responsibilities as a carrier did not include ensuring plaintiff's cargo could pass through Nigerian Customs; only plaintiff was responsible for clearing his own cargo through Customs. Id. at ¶ 17 (C) ("The Merchant shall be liable for all fines and/or losses which the

Carrier, vessel or cargo may incur through non-observance of Custom House and/or import or export regulations.").

Pursuant to 28 U.S.C. ' 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January __, 2008
Jericho, New York

_____(L.S.)
BARBARA J. LAUTH