8968.SHV.JAD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLABISI SALIS<br><br>                Plaintiffs,<br>v.<br><br>AMERICAN EXPORT LINES and HOEGH AUTOLINERS INC.,<br><br>                Defendants. | 07 cv 5949<br>ECF<br><br>DECLARATION OF LISA SCALORA FOR AMERICA EXPORT LINES |

I, LISA SCALORA, hereby declare as follows:

1.   I am the Claims Manager for America Export Lines (AEL), the First Defendant in the above action.

2.   Based upon my personal knowledge and my review of the file maintained by my office, I am familiar with the facts and circumstances of the above-captioned action.

3.   Attached hereto are true and complete copies of the following:

    Exhibit 1    Plaintiff's Amended Complaint

    Exhibit 2    AEL Amended Answer to the Amended Complaint

    Exhibit 3    The America Export Lines Invoice No. AEL208878-1
                    with Terms and Conditions of Service

    Exhibit 4    Dock Receipt for Booking no. 101086 Bill of Lading no. AEL208129-01

    Exhibit 5    Hoegh Autoliners Bill of Lading no. 133 dated May, 19, 2006.

    Exhibit 6    Insurance Link to the AEL website

4.    Plaintiff seeks damages related to the alleged non-delivery of one camper (i.e. unit) shipped from the United States to the Port of Lagos, Nigeria. (Exhibit 1, ¶ 9)

5.    AEL is a freight forwarder who arranges for the ocean carriage of cargo. (Exhibit 2, ¶2)

6.    According to company files, plaintiff approached AEL to arrange for the shipping of 159 individual units beginning in March 2006. Plaintiff was a regular customer of AEL with a rolling account.

7.    On or before April 28, 2006, pursuant to the AEL Terms and Conditions of Service, plaintiff agreed to pay the ocean freight to ship the subject unit thereby entering into a contract with AEL to arrange for the shipment of the subject unit from the United States to Nigeria. (Exhibit 3)

8.    Plaintiff did not purchase additional insurance coverage as offered under AEL's Terms and Conditions of Service or on its website. (Exhibit 3, Clause 9 and insurance link on http://www.shipit.com/Home.aspx )

9.    In turn, AEL booked the unit with the ocean carrier, Hoegh Autoliners, and provided plaintiff with the dock receipt in order that he could deliver the unit to the pier for ocean carriage. (Exhibit 4)

10.    On or about May 19, 2006, the ocean carrier issued a bill of lading (no. 133) for ocean transportation of the subject unit. (Exhibit 5)

11.    The American Export Lines Terms and Conditions of Service provide that:

> **Clause 9. Disclaimers: Limitation of Liability.**
>
> (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services;
>
> (b) Subject to (c) below. Customers agree that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and approximate cause of any injury to Customer, including loss or

damage to Customers goods, and the Company shall in no event be liable for the acts of third parties;

(c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s).

(d) In the absence of additional coverage under (b) above, the Company's liability shall be limited to the following:

> (i) Where the claim arises from activation other than those relating to Customs brokerage, $50.00 per shipment or transaction, or

> (ii) Where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less;

(e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages. (Exhibit 3)

12. AEL maintains a website at http://www.shipit.com/Home.aspx. The insurance link provides as follows:

**INSURANCE**

AEL can provide insurance for all types of cargo. Ace Insurance is a global insurance company with own offices in over 50 countries and correspondence in some 90 countries. Ace traces its heritage to 1792 and has assets of $49 billion. AEL can provide insurance for all types of cargo including automobiles and fragile goods. Be assured your cargo is insured by highly experienced marine insurers who have claim offices worldwide. (Exhibit 6)

13. The AEL Terms and Conditions of Service covered AEL's agreement with plaintiff to arrange for the shipping of the subject cargo.

14. The Dock Receipt states in the lower right side:

"Received the above described goods or packages subject to all of the terms of the undersigned's regular form of dock receipt and bill of lading which shall constitute the contract under which the goods are received. Copies of which are available from the carrier on request and may be inspected at any of its offices." (Exhibit 4)

15. The Hoegh Autoliners AS Bill of Lading 133 was issued on dated May, 19, 2006 after the unit was loaded on the ocean going vessel for export to Nigeria.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Newark, NJ
On        February 6, 2008

By: _____
LISA SCALORA
American Export Lines