Owolabi Salis OS6630
Salis and Associates, P.C.
42 Broadway, Rm. 1133
New York, NY 10004
212-655-5749

RECEIVED
DEC 5 - 2007
By____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OLABISI SALIS

                           The Plaintiff

                           07-Cv-6164
                           **AMENDED COMPLAINT**

-against-

American Export Lines
Hoegh Autoliners Inc

                           The Defendant(s)
-----------------------------------------------------------------X

1. The Plaintiff is in the business of buying and selling vehicles including campers and operates through the State of New York.

2. The first defendant is upon information and belief a shipping agency based in the State of New Jersey and enjoys customer base from the State of New York.

3. The second defendant is upon information and belief in the business of shipping automobiles internationally including shipping to Africa and maintains an office or agency in the State of New York.

4. Sometimes about April 2006, the plaintiff acting through his representative in the State of New York approached the first defendant if he could arrange the shipping of 2 campers or travel trailers (one for 2005 and the other for 2006) to Lagos, Nigeria and what document will be needed for the shipping.

5. The first defendant informed the representative of the plaintiff that he will need to inquire from the second defendant and after the inquiry the first defendant gave a yes answer and requested the description and identification of the vehicle, the consignor and consignee information and the measurement.

6. The representative of the plaintiff had relied on the shipping expertise of the first defendant in making the decision whether or not to buy the 2 campers.

7. Prior to asking the first defendant, the plaintiff acting through his representative had been negotiating the purchase of the campers from the seller.

8. The 2 campers were subsequently bought based on the shipping advice of the first defendant.

9. On or about May 19, 2006, the campers were shipped to Lagos and the bill of lading was issued by the second defendant.

10. The campers arrived few weeks later and one of the campers manufactured in 2005 was delivered to the plaintiff while the one manufactured in 2006 was not delivered.

11. Upon inquiry from the first defendant, it was learnt that the 2006 camper was sent to Durban, South Africa because of lack of Form M.

12. Prior to and at the time of shipping, the defendants did not request for Form M from the representative of the plaintiff.

13. Sometimes in February 2007, the plaintiff found out through an independent source that the 2006 camper was shipped from Durban, South Africa to Lagos.

14. The representative of the plaintiff immediately called the first defendant and the first defendant advised the representative of the plaintiff to call one Maxy Chukwuorah in Lagos as the agent in charge.

15. The representative of the plaintiff called Maxy Chukwuorah who told the representative of the plaintiff that the plaintiff will need to pay about $7000 extra charges before the camper can be released by the second defendant.

16. Maxy Chukwuorah said the payment is to cover the cost of reshipping the camper from Durban, South Africa to Lagos.

17. The representative of the plaintiff acting for the plaintiff refused to pay because it is not the fault of the plaintiff or the representative of the plaintiff that the camper was not delivered in Lagos in the first place.

18. The second defendant has continued to refuse the release of the 2006 camper which has now incurred excessive storage charges and exposed to possibility of being vandalized or damaged.

19. The defendants have continued to refuse the release of the 2006 camper.

20. By reason of the facts and circumstances stated above, the defendants owed the plaintiff the duty to offer proper services to the plaintiff and to release the goods to the consignee and inform the consignee as soon as the goods arrived the destination.

21. By reason of the facts and circumstances stated above, the defendants breached this duty stated in the above paragraph.

22. By reason of the facts and circumstances stated above, the plaintiff has been damaged by the defendants in the sum of $75,000

WHEREFORE, the plaintiff demands judgment against the defendants in the sum of $75000 plus interest from May 19, 2006, costs and disbursements and or the Plaintiff further respectfully request this court to order the Defendants to release the 2006 camper to the Plaintiff and be responsible for the excessive storage charges and any damage to the 2006 camper and or loss of the camper and for such further order that the Court deems fit and proper.

Dated: New York, New York

November 30, 2007

Owolabi Salis, esq., OS6630
Salis and Associates, P.C.
42 Broadway, Rm. 1133
New York, NY 10004
212-655-5749

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.
2. On November 30, 2007, I served a complete copy of **Amended Complaints** to the following attorneys by regular U.S. mail at the following addresses:

1. Patrick Michael DeCharles, II
   CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
   Attorneys for American Export Lines
   61 Broadway, Suite 3000
   New York, NY 10006-2802
   (212) 344 7042

2. Edward Keane, Esq.
   Mahoney & Keane
   111 Broadway, 10th Floor
   New York, New York 10006
   (212) 385-1422

Jessica Guzman

Dated: New York, New York
November 30, 2007