8968/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant American Export Lines
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLABISI SALIS<br><br>Plaintiff,<br><br>- against -<br><br>AMERICAN EXPORT LINES; HOEGH AUTOLINERS, INC.<br><br>Defendants. | 07 CV 5949<br><br>**DEFENDANT AMERICAN EXPORT LINES' AMENDED ANSWER TO THE AMENDED COMPLAINT** |

Defendant American Export Lines by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP answers the Amended Complaint with the civil number 07 CV 5949 as follows:

1.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.    Admits American Export Lines ("AEL") is a freight forwarder with an office in Newark, New Jersey, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint

4. Admits the plaintiff's action through his representative approached AEL, but denies each and every allegation contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Denies each and every allegation contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Denies each and every allegation contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Admits on or about May 9, 2006, the campers were shipped to Lagos and the bill of lading was issued by the second defendant.

10. Admits the camper manufactured in 2005 was delivered, but denies that the 2006 camper was not delivered.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Denies each and every allegation contained in Paragraph 12 of Plaintiff's Amended Complaint and AEL is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at AEL, said allegations or assertions are specifically denied.

13. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. Denies each and every allegation contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint and AEL is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at AEL, said allegations or assertions are specifically denied.

19. Denies each and every allegation contained in Paragraph 19 of Plaintiff's Amended Complaint and AEL is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at AEL, said allegations or assertions are specifically denied.

20. Denies each and every allegation contained in Paragraph 20 of Plaintiff's Amended Complaint and AEL is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any

allegations or assertions of liability directed at AEL, said allegations or assertions are specifically denied.

21.  Denies each and every allegation contained in Paragraph 21 of Plaintiff's Amended Complaint and AEL is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at AEL, said allegations or assertions are specifically denied.

22.  Denies each and every allegation contained in Paragraph 22 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23.  This Court lacks personal jurisdiction over American Export Lines.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24.  The circumstances alleged in Plaintiff's Complaint were due to causes for which American Express Lines is not liable or responsible by virtue of the provisions of its freight forwarding terms and conditions and/or general maritime law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25.  Plaintiff failed to mitigate its damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.  The circumstances alleged in Plaintiff's Complaint were caused by or due to the acts, omissions, fault or neglect of Plaintiff or its agents and/or resulted from the acts, omissions,

fault or neglect of other persons or entities for which American Export Lines is neither responsible nor liable.

## AS AND FOR A FIFTH AFFIRMATAIVE DEFENSE

27.	American Export Lines' liability, if any, is limited to $50.00 pursuant to its freight forwarding terms and conditions.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.	This action should be dismissed on the basis of the New Jersey forum selection clause contained in American Export Lines' freight forwarding terms and conditions.

## AS AND FOR A SEVENTH AFFIRMATAIVE DEFENSE

29.	American Export Lines acted as a freight forwarder and therefore can have no carrier liability as a matter of law for the damage alleged in Plaintiff's Amended Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

30.	Insufficiency of service of process.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31.	Plaintiff failed to give timely notice of the claim as required in American Export Lines' freight forwarding terms and conditions.

## CROSS CLAIM

32.	Defendant American Export Lines through its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP alleges on information and belief for its crossclaim against Hoegh Autoliners, Inc. as follows:

33.	Repeats and realleges each and every admission, denial and denial of knowledge or information contained in its Amended Answer to Plaintiff's Amended Complaint, with the same force and effect as if herein set forth at length.

34. If there was any loss or damage to the shipment(s) referred to in Plaintiff's Complaint, which is denied, and said loss or liability caused any liability to Defendant American Export Lines, then the said liability was brought about by Defendant Hoegh Autoliners, Inc.'s negligence and/or breach of contract, breach of warranties, implied or expressed, and by reason thereof, Defendant American Export Lines is entitled to full indemnity and/or contribution from Defendant Hoegh Autoliners, Inc., for its loss and damage including reasonable counsel fees and expenses.

WHEREFORE, Defendant American Export Lines prays that the Amended Complaint against it be dismissed and its cross claim be granted including cost and reasonable attorney's fees and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       December 18, 2007

>Respectfully submitted,
>
>CICHANOWICZ, CALLAN, KEANE,
>VENGROW & TEXTOR, LLP
>Attorneys for Defendant American Export Lines
>
>By: / s / Stephen H. Vengrow
>       Stephen H. Vengrow (SHV/3470)
>61 Broadway, Suite 3000
>New York, New York 10006
>(212) 344-7042

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On December 18, 2007, I served a complete copy of **Defendant American Export Lines' Amended Answer to Plaintiff's Amended Complaint** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following addresses:

> Salis & Associates, P.C.
> 42 Broadway, Room 1133
> New York, New York 10004
> (212) 655-5749
>
> Edward Keane, Esq.
> Mahoney & Keane
> Attorneys for KKK and K-Line
> 111 Broadway, 10th Floor
> New York, New York 10006
> (212) 385-1422

                                 / s / Patrick Michael Decharles, II
                                     Patrick Michael DeCharles, II (PMD/9984)

Dated: December 18, 2007
       New York, New York