Owolabi Salis OS6630
Salis and Associates, P.C.
42 Broadway, Rm. 1133
New York, NY 10004
212-655-5749

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OLABISI SALIS

                           The Plaintiff

                           07-Cv-5949
          **OPPOSITION TO DEFENDANTS MOTION TO DISMISS**
          **PLAINTIFF CROSS MOTION FOR SUMMARY JUDGMENT**

-against-

American Export Lines
Hoegh Autoliners Inc
                           The Defendant(s)
-------------------------------------------------------------------X

This opposition is respectfully submitted against the written motion of the second defendant and against the oral motion of the first defendant in court on January 25, 2008. The Plaintiff respectfully request this court to dismiss the motions of the defendants and further request that this opposition be treated as a cross motion for summary judgment in favor of the plaintiff.

FACTUAL BACKGROUND

The Plaintiff is in the business of buying and selling vehicles including campers and operates through the State of New York. Sometimes about April 2006, the plaintiff approached the first defendant if he could arrange the shipping of 2 campers or travel trailers (one for 2005 and the other for 2006) to Lagos, Nigeria and what documents will be needed for the shipping.

The first defendant informed the representative of the plaintiff that he will need to inquire from the second defendant (Hoegh) and after the inquiry the first defendant gave a yes answer and requested the description and identification of the vehicle, the consignor and

consignee information and the measurement. Evidence of title was also requested from the plaintiff and the plaintiff <u>presented the invoice which contains the value of the goods.</u> The invoice was dated April 26, 2006. **Ex.1.** The first defendant was informed by the plaintiff of the nature and value of the camper who upon information and belief informed the first defendant.

The plaintiff had relied on the shipping expertise of the first defendant in making the decision whether or not to buy the 2 campers. The plaintiff fully paid an agency fee (which is charged with the freight) for the shipping expertise of the first defendant. Prior to asking the first defendant, the plaintiff acting through his representative had been negotiating the purchase of the campers from the seller. The 2 campers were subsequently bought based on the shipping advice of the first defendant.

On or about May 19, 2006, the campers were shipped to Lagos and the bill of lading was issued by the second defendant. **Ex.2.** Prior to April 26, 2006, the defendants have shipped some vehicles for the plaintiff. In the past and in this shipping-in-dispute, the defendants will not issue bills of lading until the vehicles have shipped; this may be willful act to conceal the limitation terms. The plaintiff was never informed of any limitation or restriction even when requested from the first defendant. There is no fair opportunity to negotiate a more favorable limitation of liability, if at all necessary, in this case. It is also common practice for the first defendant to request or demand all documents necessary before accepting the goods for shipping.

The campers arrived few weeks later and one of the campers manufactured in 2005 was delivered to the plaintiff while the one manufactured in 2006 was not delivered. Upon inquiry from the first defendant, it was learnt that the 2006 camper was sent to Durban, South Africa because of lack of Form M. Prior to and at the time of shipping, the defendants did not request for Form M from the plaintiff. The defendants failed in duty to request or demand the Form M before shipping. It is understood under Nigeria's law that Form M will normally be issued before shipping. The defendants were paid by the plaintiff for their shipping expertise.

Sometimes in February 2007, the plaintiff found out through an independent source that the 2006 camper was shipped from Durban, South Africa to Lagos. The representative of the plaintiff immediately called the first defendant and the first defendant advised the representative of the plaintiff to call one Maxy Chukwuorah in Lagos as the agent in charge. In the cause of dealings with the defendants, it is the practice of the agents in Lagos not to inform the consignee of the arrival of cargo even when the address and phone number of consignee is provided in the dock receipt. In all the transactions done with the defendants, the plaintiff was never informed of the arrival of the cargo by the agents in Lagos. The plaintiff has to find out by self when the ship has arrived through independent sources and or by calling the first defendant. There is complete gross disregard and failure of duty to notify by the agents of the shipper in Lagos.

The representative of the plaintiff called Maxy Chukwuorah who told the representative of the plaintiff that the plaintiff will need to pay about $7630 extra charges before the camper can be released by the second defendant. Maxy Chukwuorah said the payment is to cover the cost of reshipping the camper from Durban, South Africa to Lagos. The plaintiff made close to 20 contacts to the agent in Lagos. The agent, Maxy Chukwuorah, neglected all appeals to release the camper saying that he was under strict order not to release the camper by the second defendant. The plaintiff also spoke to one Harry Hussein in US believed working for the second defendant and to the first defendant to ensure release of the camper. The defendants were arrogant and overweening and all actions of the plaintiff were rejected. **Ex. 3**

The defendants frustrated all attempts to release the camper and threaten sale of the camper to cover the $7630 demanded. **Ex. 3.** The defendants were driven by greed and want to exploit the plaintiff for what was not the plaintiff's fault.

As indicated in the bills of lading, the freight for the goods was fully paid before the camper was shipped from US ports. The plaintiff did not contract that the camper be taken to Durban and <u>the plaintiff was not informed that it will be taken to Durban.</u> There

is no bill of lading issued from Durban to Lagos. The representative of the plaintiff acting for the plaintiff refused to pay because it is not the fault of the plaintiff or the representative of the plaintiff that the camper was not delivered in Lagos in the first place.

The second defendant has continued to refuse the release of the 2006 camper which has now incurred excessive storage charges and exposed to possibility of being vandalized or damaged. The plaintiff is currently not aware of the status of the camper whether it has been sold or auctioned. <u>If the camper had been auctioned or sold, the plaintiff was not informed of auction or sale date, time, venue and any post auction information.</u> The Plaintiff believed the carrier should give the shipper commercially reasonable notice in case of any sale. The plaintiff will like to know from the defendants what the status of the camper is.

Never at any time did the first defendant informed of any limitation on their liability to $50. The plaintiff learnt of this for the first time in court during the status conference held January 25, 2008. Sample of standard first defendant dock receipt is attached. **Ex. 4** The dock receipt is used for receipting the goods from shippers and the bill of lading issued after the goods had been shipped.

<u>Upon information and belief, there have been various communications and disputes between the defendants regarding this shipment. Discovery has been made to them but they have failed to respond.</u>

The damage sought by plaintiff in this case resulted after the "carriage of goods" that is after the camper is discharged from the ship. The damage could have been avoided except for the fault, failure of duty, neglect and gross negligence of the defendants. The defendants did nothing to prevent the damage but rather solidly created the damage.

MEMORANDUM OF LAW IN SUPPORT

POINT 1:

THE CARRIAGE OF GOODS BY SEA ACT (COGSA) GOVERNS THIS CONTRACT

The bill of lading is subject to COGSA; 46USC Chapter 28 s.1300. The paramount clause 2 (c) of the bill of lading further stated that notwithstanding any language to the contrary in this bill of lading, if the goods are shipped to or from the United States, this bill of lading shall have effect subject only to COGSA which shall supersede all other acts, statutes, conventions and treaties and which shall alone, be deemed incorporated herein.

POINT 2:

THE COGSA GIVES SHIPPER FREEDOM FROM NEGLIGENCE OF CARRIER:

Pursuant to the provisions of COGSA 46USC Chapter 28 s.1304(3), the shipper shall not be responsible for loss or damage sustained by the carrier or the ship arising or resulting from any cause without the act, fault, or neglect of the shipper, his agents, or his servants. In this case, the carrier had demanded the shipper to pay extra charges before release of the camper. The extra charge was not the fault of the shipper but of the defendants. The second defendant also threatened to sell the camper. The defendants are responsible for the deviation to Durban.

POINT 3:

THE CARRIER CANNOT LIMIT LIABILITY FOR LOSS OR DAMAGE RESULTING FROM CARRIER'S NEGLIGENCE, FAULT, AND FAILURE TO PERFORM ITS DUTY. ANY LIMITATION CLAUSE IF ANY WILL BE NULL AND VOID AND OF NO EFFECT.

As stated in the factual background to this case, the defendant created the damage through their negligence, disregard, fault and failure to perform even though they were fully pre-paid for the freight. Any clause, covenant, or agreement in a contract of carriage

relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this chapter, shall be null and void and of no effect. A benefit of insurance in favor of the carrier, or similar clause, shall be deemed to be a clause relieving the carrier from liability: 46USC Chapter 28 s.1303(8).

POINT 4

THE NATURE AND VALUE OF THE GOODS ARE DECLARED TO THE DEFENDANTS:

Among the documents requested for shipping was the <u>invoice</u> which served as document of title and was presented to the first defendant. The invoice carried the nature and price of the camper. However the defendants did not create fair opportunity to participate in the creation of the bill of lading because the bill of lading was issued after the ship has sailed.

POINT 5:

THE PROCEDURE OF THE DEFENDANTS DID NOT CREATE FAIR OPPORUNITY FOR THE PLAINTIFF TO NEGOTIATE A MORE FAVORABLE LIMITATION OF LIABILITY IN THE BILL OF LADING.

The only document issued when the camper was received for shipping was the dock receipt. The bill of lading was issued after the ship had sailed. The plaintiff was never informed of any limitation or restriction even when requested from the first defendant. There is therefore no fair opportunity created for the shipper to act against any limitation. It is the duty of the defendants to write the bill of lading and do any insertion necessary. The bill of lading is a one way bill that does not even have the signature provision for the plaintiff. Only the defendants signed.

Case 1:07-cv-05949-VM    Document 19    Filed 02/08/2008    Page 7 of 12

POINT 6:

WHERE A CARRIER ACCEPTED DELIVERY OF A PACKAGE FOR SHIPMENT WITHOUT INFORMING THE SHIPPER OF ANY LIABILITY LIMITATIONS, IT COULD NOT LIMIT ITS LIABILITY BY THE SUBSEQUENT DELIVERY TO THE SHIPPER OF A RECEIPT CONTAINING A LIABILITY LIMITATION CLAUSE.

In the past and in this shipping-in-dispute, the defendants will not issue bills of lading until the vehicles have shipped; this may be willful act to conceal the limitation terms. The plaintiff was never informed of any limitation or restriction even when requested from the first defendant.

Never at any time did the first defendant informed of any limitation on their liability to $50. The plaintiff learnt of this for the first time in court during the status conference held January 25, 2008.

POINT 7:

DAMAGE OCCURRED AFTER THE CARRIAGE OF GOODS COMPLETED.

The damage to plaintiff in this case occurred after the completion of the "carriage of goods" as defined by the COGSA. The camper has already been discharged and the defendants refused to release. Any limitation or restrictions in the bill of lading is therefore not applicable because carriage of goods is completed. The term "carriage of goods" covers the period from the time when the goods are loaded on to the time when they are discharged from the ship; 46 USC Chapter 28 s. 1301(e)

The defendants created the damage outside of the protection of the bill of lading terms if at all applicable.

POINT 8:

THE DEFENDANTS SAW THE DAMAGE BEING DONE TO PLAINTIFF AND DID NOTHING TO PREVENT IT BUT INSTEAD ACT SOLIDLY TO CREATE IT.

It is the defendants that created the damage to plaintiff by refusing to release the camper. The damage could have been avoided except for the act, fault, negligence and neglect of the defendant.

POINT 9:

THERE IS NO FAIR OPPORTUNITY GIVEN TO THE PLAINTIFF IN THE CREATION OF THE NORWAY FORUM SELECTION CLAUSE

The procedure of the defendants in the issue of bills of lading does not create fair opportunity for the plaintiff to challenge the forum selection clause. The bill of lading was issued after the ship has sailed. The clause is inserted as a result of fraud and is over reaching. The clause appears to have built the confidence of the defendants not to care about the camper and reject all pleas of the plaintiff to say after all "we cannot be sued more than $500". These defendants do not care at all. The forum creates undue influence and overweening bargaining power for the defendants and must not be enforced.

Besides that the forum selection clause fights the spirit and intent of the US COGSA to ensure fair trading and operates as a waiver of shipper's rights to pursue statutory remedies under the COGSA, the application of the forum will deprive the plaintiff of its day in court as a result of the grave inconvenience. The plaintiff request the court to deny the forum selection clause as such denial will not prejudice the defendants.

IT IS RESPECTFULLY REQUESTED that this court should dismiss the motion of the defendants and further requested that the cross motion for summary judgment is granted.

Dated: New York, New York

January 31, 2008

                                                --------------------------
                                                Owolabi Salis (OS 6630)
Salis and Associates PC
42 Broadway Suite 1133
New York, NY 10004
2126555749

1. Patrick Michael DeCharles, II
   CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
   Attorneys for American Export Lines
   61 Broadway, Suite 3000
   New York, NY 10006-2802
   (212) 344 7042

2. Edward Keane, Esq.
   Mahoney & Keane
   111 Broadway, 10th Floor
   New York, New York 10006
   (212) 385-1422

**CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.
2. On the date sated below, I served a complete copy of **Opposition to Motion to Dismiss** to the following attorneys by regular U.S. mail at the following addresses:

3. Patrick Michael DeCharles, II
   CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
   Attorneys for American Export Lines
   61 Broadway, Suite 3000
   New York, NY 10006-2802
   (212) 344 7042

4. Edward Keane, Esq.
   Mahoney & Keane
   111 Broadway, 10th Floor
   New York, New York 10006
   (212) 385-1422

------------------

Jessica Guzman

Dated: New York, New York
February 1, 2008

# EXHIBITS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

OLABISI SALIS

                           The Plaintiff

                           07-Cv-5949
                         **OPPOSITION TO DEFENDANTS MOTION TO DISMISS**
                         **PLAINTIFF CROSS MOTION FOR SUMMARY JUDGMENT**

-against-

American Export Lines
Hoegh Autoliners Inc
                           The Defendant(s)
------------------------------------------------------------------X

                                                         Owolabi Salis OS6630
                                                        Salis and Associates, P.C.
                                                         42 Broadway, Rm. 1133
                                                        New York, NY 10004
                                                          212-655-5749