Owolabi Salis OS6630
Salis and Associates, P.C.
42 Broadway, Rm. 1133
New York, NY 10004
212-655-5749

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OLABISI SALIS

                            The Plaintiff

                            07-Cv-5949
             **RESPONSE TO 2ND DEFENDANT REPLY**

-against-

American Export Lines
Hoegh Autoliners Inc
                            The Defendant(s)
-----------------------------------------------------------------X

This response is respectfully submitted against the response of the 2nd defendant reply to opposition to the motion to dismiss.

1. The 2nd defendant response has tried to misstate the facts which may lead to miscarriage of justice: Plaintiff did not allege that "the non-delivery occurred due to the lack of completed Form M resulting in delays which caused the accrual of excessive port charges plaintiff was unwilling or <u>unable</u> (wrongly inserted) to pay". The 2nd defendant further wrongly quoted the plaintiff by stating that "plaintiff damages are thus alleged to arise from Plaintiff's own failure to clear its cargo though(sic) customs, a cause of loss for which the carrier is relieved from liability—"

   What the plaintiff said was in the paragraph 11 and 12 of the complaint as follows:

   a. Upon inquiry from the first defendant, it was learnt that the 2006 camper was sent to Durban, South Africa because of lack of Form M.
   b. Prior to and at the time of shipping, the defendants did not request for Form M from the representative of the plaintiff.

   It is the statement of the defendants that they needed Form M to discharge the cargo. Whether this is true or not, the Plaintiff does not know. That means there is material issue of facts to be discovered from Nigeria customs and the defendants. Will the Form M stopped them from discharging, if so, why and how?

a. The Plaintiff need to see the manifest, discharge documents, denial of discharge letter from Nigeria customs as claimed by the defendants, all correspondences and other documents including minutes and outcome of several meetings held between the defendants relating to the shipping in dispute. Discovery made to the defendants has not been answered.
b. The Plaintiff need to see the activities of the 2nd defendant in Durban including the Durban receipts, manifest and port information relating to the shipping in dispute.
c. Plaintiff need to discover from Nigeria's custom why they refused the defendant from discharging the camper if it was true they actually refused the defendants.
d. Plaintiff need to know whether the 2nd defendant had ever been refused discharge in the past by the Nigeria's custom.
e. Plaintiff need to know the 2nd defendant level of experience, expertise and knowledge and whether the 2nd defendant had ever before shipped to Nigeria cargo that required From M to discharge.
f. It is the duty of the 2nd defendant to discharge and if Form M is required to discharge, it is the 2nd defendant duty to demand the document before accepting cargo for shipment. Nigeria custom did not require the Form M from the plaintiff. The request for Form affected the duty to discharge which belongs to the defendants and not the duty to clear which belongs to the plaintiff.
g. If the 2nd defendant had shipped to Nigeria in the past cargo that required Form M investing them with knowledge, then, it is the duty of the 2nd defendant to demand it before accepting the cargo for shipment because Form M will understandably not be issued at the point of discharge.
h. It is the duty of the 2nd defendant to be aware of maritime laws that will affect their operational duties including the duty to discharge.
i. The $7630 charges demanded by the 2nd defendant did not occur at the port of Lagos as claimed in the reply.

The Plaintiff honestly and genuinely requested from the defendants the documents needed before shipping. The defendants never mentioned Form M as at the time the campers were received for shipment. The Form M was requested at the point of discharge and it is understandably not possible to issue the Form M at that point. The question is: Whose duty was the lack of Form M affected- the duty of the defendant to discharge or the duty of the plaintiff to clear? The lack of Form M did not affect the Plaintiff duty to clear because the 2006 camper was not even discharged and there was nothing to clear. Every party must get his duty right and make provision to carry out that duty. How has lack of Form M affected the defendants that made the 2nd defendant not to discharge the cargo in Lagos and to ship the cargo to Durban, the plaintiff need to know.

The Plaintiff fully paid the defendants for their shipping services. The defendants were contracted to ship 2 campers to Lagos. The camper manufactured in 2005 was discharged in Lagos which the plaintiff cleared but the one manufactured in 2006 was not discharged but rather taken to Durban, South Africa. Later, the 2006 camper was reshipped to Lagos and the defendants refused to release the camper unless the plaintiff paid extra $7630 shipping charged from Durban to Lagos and for storage in Durban not Lagos. Upon information and belief, the defendant ought not to have received the camper for shipping or let the camper leave the port of the United States. <u>The defendants were at fault or negligent for not demanding the document that will enable discharge before shipment.</u>

The plaintiff was ready, able and willing to clear the camper when it arrived the first time from US but there nothing to clear because it was not discharged. Did the defendant ever discharge the cargo when it arrived from US? No. The defendant needs to discharge first before plaintiff can carry out the duty to clear the cargo through customs; so as claimed in the reply, customs clearance was not an issue for the plaintiff and the customs service was not involved in the damage being claimed by the plaintiff since the damage occurred because the 2nd defendant refused to release the cargo after it was reshipped from Durban to Lagos. The Plaintiff did not contract for shipment from Durban to Lagos. The Nigeria custom did not asked the plaintiff for Form M. Also, the plaintiff was ready, able and willing to clear the cargo when it arrived from Durban but the attempt to clear was frustrated by the defendants demand to pay $7630.

2. The only document issued when the camper was received for shipping was the dock receipt. The bill of lading was issued after the ship had sailed. The plaintiff was never informed of any limitation or restriction even when requested from the first defendant. There is a material issue of fact here. There is therefore no fair opportunity created for the shipper to act against any limitation. It is the duty of the defendants to write the bill of lading and do any insertion necessary. The bill of lading is a one way bill that does not even have the signature provision for the plaintiff. Only the defendants signed.

3. Discoveries have been made of the defendants on genuine material issue of facts but there has been no response.

4. The Principal was never identified; if the bill of lading is issued after the ship has sailed and which did not even contain the signature of the plaintiff, how then was the principal identified.

5. The 2nd defendant has quoted misleading facts and laws in support of the reply. The court is implored to take a close look.

6. There is no arrest or restraint of princes in this case and if any facts need to be adduced.

7. We need to prove facts why the 2nd defendant did not discharge the 2006 camper when it arrived from the US. Dismissal is not appropriate at this stage.

8. The procedure of the defendants in the issue of bills of lading does not create fair opportunity for the plaintiff to challenge the forum selection clause. The bill of lading was issued after the ship has sailed. The clause is inserted as a result of fraud and is over reaching. The clause appears to have built the confidence of the defendants not to care about the camper and reject all pleas of the plaintiff to say after all "we cannot be sued more than $500". These defendants do not care at all. The forum creates undue influence and overweening bargaining power for the defendants and must not be enforced.

Besides that the forum selection clause fights the spirit and intent of the US COGSA to ensure fair trading and operates as a waiver of shipper's rights to pursue statutory remedies under the COGSA, the application of the forum will deprive the plaintiff of its day in court as a result of the grave inconvenience. The plaintiff request the court to deny the forum selection clause as such denial will not prejudice the defendants.

IT IS RESPECTFULLY REQUESTED that this court should dismiss the motion of the defendants and further requested that the cross motion for summary judgment is granted.

Dated: New York, New York
January 31, 2008

\------------------------
Owolabi Salis (OS 6630)
Salis and Associates PC
42 Broadway Suite 1133
New York, NY 10004
2126555749

1. Patrick Michael DeCharles, II
   CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
   Attorneys for American Export Lines
   61 Broadway, Suite 3000
   New York, NY 10006-2802
   (212) 344 7042

2. Edward Keane, Esq.
   Mahoney & Keane
   111 Broadway, 10th Floor
   New York, New York 10006
   (212) 385-1422