Owolabi Salis OS6630
Salis and Associates, P.C.
42 Broadway, Rm. 1133
New York, NY 10004
212-655-5749

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OLABISI SALIS

                          The Plaintiff

                          07-Cv-5949
**RESPONSE TO FIRST DEFENDANT REPLY**


-against-

American Export Lines
Hoegh Autoliners Inc
                          The Defendant(s)
-------------------------------------------------------------------X

This response is respectfully submitted in opposition to the reply of the first defendant in re: motion to dismiss the plaintiff's case.

1. THE INVOICE AND RELATED TERMS AND CONDITIONS EXHIBITED IN THE REPLY DOES NOT RELATE TO THE SHIPPING-IN-DISPUTE IN THIS CASE AND MAY LEAD TO MISCARRIAGE OF JUSTICE.

    a. The examination of the exhibited invoice showed that the invoice was stamped as paid on July, 31, 2006. The payment for the shipping-in-dispute was made on or about April 26, 2006 and the camper was loaded on board on May 19, 2006 with the bill of lading showing that the freight was pre-paid BEFORE MAY 19, 2006. The plaintiff heard of the $50 limitation the first time in court.

    b. The Plaintiff did not sign the invoice, if at all applicable, and will not be a party to any terms and conditions at the back

    c. Assuming the Terms and Conditions exhibited is correct, which is not in this case, the $50 limitation, according to Lisa Scalora Declaration in Paragragh 11d, is only applicable to

        a. Claims arising from activation—
        b. Claims arising from activities relating to "customs business"- a vague and undefined expression.

    This is outside the scope of the plaintiff's damage. The plaintiff damage resulted from the refusal to release the camper because of demand from the second defendant that plaintiff should pay additional $7630.

    d. Paragraph 13 of the declaration of the first defendant Lisa Scalora stated that the Terms and conditions of service covered AEL's agreement with the plaintiff to arrange for the shipping of the subject cargo. It means it does not relate to the damage in question which occurred as a result of the second defendant refusal to release the cargo.

2. THE TERMS AND CONDITIONS AT THE BACK OF THE EXHIBITED INVOICE IS DIFFERENT FROM THE TERMS AND CONDITIONS AT THE BACK OF SIMILAR INVOICE GIVEN FOR OTHER SHIPMENT EVEN THOUGH THE FRONT PAGES ARE THE SAME.

3. WEBSITE ARGUMENT NOT RELEVANT AND THE WEBSITE NOT PROMOTED PROPERLY TO THE PLAINTIFF

The website if at all relevant was not properly promoted as the official email address of the first defendant is ael@verizon.net. This can be seen from exhibit 3 in the first opposition motion of the plaintiff. Besides, the website is not on dock receipt and the plaintiff was not specifically directed nor made any booking or transaction through the website.

4. FIRST DEFENDANT LISA SCALORA DECLARATION NO 15 CONFIRMS ISSUANCE OF BILL OF LADING ON MAY 19, 2006 AFTER THE UNIT WAS LOADED ON THE OCEAN GOING VESSEL FOR EXPORT TO NIGERIA

The bill of lading was issued after the ship had sailed. The plaintiff was never informed of any limitation or restriction even when requested from the first defendant. There is a material issue of fact here. There is therefore no fair opportunity created for the shipper to act against any limitation. It is the duty of the defendants to write the bill of lading and do any insertion necessary. The bill of lading is a one way bill that does not even have the signature provision for the plaintiff. Only the defendants signed.

5. THE NATURE AND VALUE OF THE GOODS ARE DECLARED TO THE DEFENDANTS:

Among the documents requested for shipping was the invoice which served as document of title and was presented to the first defendant. The invoice carried the nature and price of the camper. However the defendants did not create fair opportunity to participate in the creation of the bill of lading because the bill of lading was issued after the ship has sailed.

6. WHERE A CARRIER ACCEPTED DELIVERY OF A PACKAGE FOR SHIPMENT WITHOUT INFORMING THE SHIPPER OF ANY LIABILITY LIMITATIONS, IT COULD NOT LIMIT ITS LIABILITY BY THE SUBSEQUENT DELIVERY TO THE SHIPPER OF A RECEIPT CONTAINING A LIABILITY LIMITATION CLAUSE.

It is respectfully submitted that the motions of the defendants be dismissed and the prayers of the plaintiff be answered.

Dated: New York, New York
February 11, 2008

*Owolabi Salis*
---------------------------
Owolabi Salis (OS 6630)
Salis and Associates PC
42 Broadway Suite 1133
New York, NY 10004
2126555749

1. Patrick Michael DeCharles, II
   CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
   Attorneys for American Export Lines
   61 Broadway, Suite 3000
   New York, NY 10006-2802
   (212) 344 7042

2. Edward Keane, Esq.
   Mahoney & Keane
   111 Broadway, 10th Floor
   New York, New York 10006
   (212) 385-1422

**CERTIFICATE OF SERVICE BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On the date sated below, I served a complete copy of **RESPONSE TO FIRST DEFENDANT REPLY** to the following attorneys by ECF

3. Patrick Michael DeCharles, II
   CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
   Attorneys for American Export Lines
   61 Broadway, Suite 3000
   New York, NY 10006-2802
   (212) 344 7042

4. Edward Keane, Esq.
   Mahoney & Keane
   111 Broadway, 10th Floor
   New York, New York 10006
   (212) 385-1422

------------------

Jessica Guzman

Dated: New York, New York
February 11, 2008