March 7, 2008

Hon. Victor Marrero
United States District Judge
500 Pearle Street, Room 600
New York, NY 10007

Re: Salis v. American Export Lines et al
Docket No: 07-cv-5749

<u>LAST MINUTE ARGUMENT (BY FAX AND ECF)</u>

This last minute argument is in reference to the hearing in court today. To avoid miscarriage of justice, we like to clarify important points in this case before your Hon. Judge writes a decision.

POINTS AGAINST THE FIRST DEFENDANT-AEL

1. There is no rolling account between the parties as claimed by the first defendant; there is question of fact here making any decision in the first defendant favor untimely. The practice was that the plaintiff pays before shipping. As per the bill of lading, the cargo left US port about May 19, 2006. It takes about 3 to 4 weeks for the cargo to arrive Lagos. You will notice on the bill of lading that the freight was prepaid by us and not the first defendant and that it was delivered to a clearing agent in Lagos called TALOD and a clearing notation was made on the bill of lading dated June 27, 2006. It was later found out the second defendant did refused to discharge the cargo.

2. The original invoice exhibited in court today was prepared many weeks after we have paid the first defendant. We are supposed to be given the original but it was not given to us not even a copy and therefore do not have the knowledge of any limitation of liability to $50. Besides the invoice was not signed and we are not a party to the creation. WHERE A CARRIER ACCEPTED DELIVERY OF A PACKAGE FOR SHIPMENT WITHOUT INFORMING THE SHIPPER OF ANY LIABILITY LIMITATIONS, IT COULD NOT LIMIT ITS LIABILITY BY THE SUBSEQUENT DELIVERY TO THE SHIPPER OF A RECEIPT CONTAINING A LIABILITY LIMITATION CLAUSE

3. Similar invoice that was given to us in respect of other shipping did not have the $50 limitation. Please examine the terms in the similar invoice accompanying this note.

4. The first and the second defendants held a lot of meetings regarding this cargo. We have sent them discovery regarding the outcome of the meetings and exchange of emails but we received no response. This may cause miscarriage of justice which the court should not entertain.

POINTS AGAINST THE SECOND DEFENDANT-HOEGH

1. The second defendant argued forum selection clause to litigate the lawsuit in Norway, a European country where the language is not English but the contract is written in English not Norwegian language. Norway possibly not practicing common law and the cargo invoice is less than $25000. More so, the defendants are well represented in the US and generate substantial revenue in the US. The forum may frustrate the intent of the Carriage of Goods by Sea Act. The plaintiff did not intend to contract under Norwegian law. The problem here was that the bill of lading was issued weeks after the ship has sailed. The defendants confirm that showing that the plaintiff had no prior knowledge of the Norwegian forum. Besides, there are two defendants in this case. The contract was entered into in the United States and the second defendant have participated in many similar litigations under the US law and will not be prejudiced if this case is heard under the US law; the argument for Norwegian forum is made unreasonably to frustrate this case and deprive the plaintiff of day in court.

2. This court has held several times that a forum selection clause will not be enforced if the resisting party will be derived of its day in court as a result of grave inconvenience and unfairness of the forum or if the clause is unreasonable or if it is argued for undue influence or overweening bargaining power: Sun Forest Corp. v. Shvili 152 F. Supp.2d 367, Jockey Intern Inc. v. M/V "LEVERKUSEN EXPRESS" 217 F. Supp. 2d 447. Atlantic Mut. Ins Co. v. HUMACAO 169 F. Supp 2d 211

I respectfully request your honor to look into this argument.

Thank you.

*Owolabi Salis*

\---------------------------
Owolabi Salis (OS 6630)
Salis and Associates PC
42 Broadway Suite 1133
New York, NY 10004
2126555749